UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **SURVEYING AND MAPPING, LLC,** | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **No. 1:25-CV-1698-ADA-DH** |
| | § | |
| **ANDREW COSTELL, DELTA** | § | |
| **FIELD SERVICES, INC.,** | § | |
| *Defendants* | § | |

## <u>ORDER</u>

Before the Court is Plaintiff Surveying and Mapping LLC's ("SAM") unopposed motion to file an unredacted copy of its motion to enforce settlement and exhibits under seal. Dkt. 43. In the public version, SAM selectively redacts the details of the settlement agreement. Dkts. 42; 42-1. The Court will grant the motion.

Generally, the public has a right to inspect judicial records. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). While this right is not absolute, *SEC v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993) (citing *Nixon*, 435 U.S. at 597), "the district court's discretion to seal the record of judicial proceedings is to be exercised charily." *Federal Savings & Loan Ins. Corp. v. Blain*, 808 F.2d 395, 399 (5th Cir. 1987). In light of the public's right to access judicial records, courts are required to "use caution in exercising [their] discretion to place records under seal." *United States v. Holy Land Found. for Relief & Dev.*, 624 F.3d 685, 689-90 (5th Cir. 2010) (citing *Blain*, 808 F.2d at 399). "In exercising its discretion to seal judicial records, the court

must balance the public's common law right of access against the interests favoring nondisclosure." *Van Waeyenberghe*, 990 F.2d at 848.

"[S]ealing may be appropriate where orders incorporate confidential business information." *N. Cypress Med. Ctr. Operating Co. v. Cigna Healthcare*, 781 F.3d 182, 204 (5th Cir. 2015). "[I]n order for a document to be sealed, the movant must not only point to specific confidential information contained in the document, but must also show the specific harm that would be suffered if the public were granted access to this document." *Omega Hosp., LLC v. Cmty. Ins. Co.*, No. CV 14-2264, 2015 WL 13534251, at *4 (E.D. La. Aug. 12, 2015) (citing *N. Cypress*, 781 F.3d at 204).

Though settlement agreements may contain confidential business information, courts in the Fifth Circuit impose a high bar for sealing them. *See, e.g., Calhoun v. Nixon Eng'g, LLC*, No. SA-21-CV-0162-JKP, 2022 WL 827648, at *1-2 (W.D. Tex. Mar. 18, 2022) (declining to grant a motion to seal a confidential settlement agreement and emphasizing the public's right of access); *Murphy v. Stevens Transp., Inc.*, No. 3:20-CV-1483-K, 2020 WL 5982001, at *1 (N.D. Tex. Oct. 7, 2020) (finding that the parties' motivation to keep confidential information confidential did not overcome the presumption of public access). "Regardless of what any party considers confidential and would prefer to shelter from public scrutiny, it is not incumbent upon the Court to allow it to be filed under seal." *See Shore Offshore Servs., LLC v. Jab Energy Sols., LLC*, No. CV 18-1288, 2019 WL 367276, at *2 n.2 (E.D. La. Jan. 30, 2019). However, where wholesale sealing is improper, courts countenance selective redaction as an alternative to sealing. *See Calhoun*, 2022 WL 827648, at *2.

2

The Court finds that the confidential settlement agreement information may be redacted. In support of its motion to redact these details, SAM states it is unaware whether the confidentiality provision in the parties' settlement agreement "materially induced" Defendants Andrew Costell and Delta Field Services, Inc. ("Defendants") to enter the agreement. Dkt. 43, at 1. The Court agrees with SAM that the fact that it is unclear whether confidentiality was a factor in Defendants' decision to settle weighs in favor of sealing. *See 8fig, Inc. v. Stepup Funny, LLC*, 135 F.4th 285, 296 (5th Cir. 2025) (weighing whether confidentiality was a factor in the parties' decision to settle in determining whether sealing was proper).

Further, the public's interest in information that does not provide a basis for the Court's opinion is diminished. *See, e.g., Trans Tool, LLC v. All State Gear Inc.*, No. SA-19-CV-1304-JKP, 2022 WL 608945, at *7 (W.D. Tex. Mar. 1, 2022) (permitting redaction of private customer information, confidential statements, and the names of confidential sources that were irrelevant to the litigation). Here, any decision by the Court can be understood without reference to the specific settlement terms at issue. Finally, the public policy favoring voluntary settlements outweighs the public's interest in accessing the document. *IFG Port Holdings LLC v. Todd & Sargent Inc.*, No. 2:24-CV-01288, 2024 WL 5227446, at *2 (W.D. La. Dec. 26, 2024) (allowing a redacted version of a confidential settlement agreement between the parties to a case in light of public policy favoring voluntary settlement); *Varsity Gay League LLC v. Nichols*, No. 3:22-CV-2711-B, 2023 WL 5284842, at *2 (N.D. Tex. Aug. 16, 2023)

3

(concluding that "the public policy in promoting settlement" outweighed the public's interest in a confidential settlement between the parties).

In accordance with the above discussion, **IT IS ORDERED** that SAM's motion for leave to file under seal, Dkt. 43, is **GRANTED**. The Clerk of the Court shall file unredacted copies of SAM's motion to enforce the settlement agreement and its exhibits under seal.

**SIGNED** June 17, 2026.

 

DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE